UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 23-306 (RC) |
| | : | |
| TONEY SHELDON BRAY, and | : | Re Document Nos.:  27, 28 |
| ETHAN AARON BRAY, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### DENYING DEFENDANTS' MOTIONS FOR BILLS OF PARTICULARS

Toney Sheldon Bray and Ethan Aaron Bray ("Defendants") move the Court to compel the Government to provide bills of particulars with respect to the charges against them. *See* ECF Nos. 27, 28. The Government filed a criminal complaint against Defendants on January 10, 2023, ECF No. 1, and an indictment followed on September 6, 2023, ECF No. 16. The Government asserts, and Defendants do not contest, that it has provided Defendants with "case-specific discovery" and a "plea offer" containing "a statement of the offense." ECF No. 29, at 6.

The Federal Rules of Criminal Procedure provide that "[t]he [C]ourt may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A bill of particulars is a formal written statement by the government that provides details of the charges in the indictment." *United States v. Warnagiris*, No. 21-cr-382, 2023 WL 6926491, at *13 (D.D.C. Oct. 19, 2023). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). "Yet if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not

required." *Id.* "The determination of whether a bill of particulars is necessary rests within the sound discretion of the trial court." *United States v. Mejia*, 448 F.3d 436, 446 (D.C. Cir. 2006) (internal quotation marks omitted).

A bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011). "[T]he court may look beyond the indictment to determine, in its discretion, whether to direct the Government to file a bill of particulars." *United States v. Han*, 280 F. Supp. 3d 144, 148 (D.D.C. 2017). Judges in this district have repeatedly observed that "[a] bill of particulars is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (quoting *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999)); *see also United States v. Sutton*, No. 21-cr-0598, 2022 WL 1183797, at *4 (D.D.C. Apr. 21, 2022); *United States v. Nordean*, No. 21-cr-175, 2022 WL 17583799, at *19 (D.D.C. Dec. 11, 2022); 1 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 130 (5th ed. 2023) ("[C]ourts have generally agreed that a bill of particulars may not call for evidentiary matter or a detailed preview of the government's trial evidence.").

Because a "bill of particulars" will "limit and define the government's case . . . the [C]ourt must balance the defendant's need to know evidentiary-type facts . . . with the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial." *Sanford*, 841 F. Supp. 2d at 316. As such, a bill of particulars is "far from routine." Wright & Miller § 130.

Count 1 charges Defendants with civil disorder in violation of 18 U.S.C. § 231(a)(3), alleging that Defendants "committed and attempted to commit an act to obstruct, impede, and

interfere with a law enforcement officer, that is, an officer lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder." ECF No. 16, at 1.  Defendants assert that they "ought to be entitled to hear from the Government as to which facts it intends to show at trial in order to prove [they] impeded or obstructed law enforcement and what actions [they] engaged in that involved some violent force with police officers on January 6th."  ECF No. 27, at 2–3; ECF No. 28, at 2–3.

First, although Defendants argue that "the Government must prove that [they] . . . engaged in an action that involved some violent force with a police officer on the scene," ECF No. 27, at 2; ECF No. 28, at 2, "[t]here is no basis in the text of the statute" to limit its reach to violent acts.  *Nordean*, 579 F. Supp. 3d at 58 n.14 (collecting cases).  Defendants have recognized as much in a subsequent filing.  *See* ECF No. 32, at 7 ("arguing that § 231(a)(3) is not limited to 'violent acts' or acts that result in bodily injury").  Indeed, the statute refers only to "acts," not "violent acts."  *See* 18 U.S.C. § 231(a)(3).  Although the Eighth Circuit has stated that the statute applies "only to violent physical acts," it said so when clarifying that the statute does not, in its view, apply to "speech," rather than when deciding whether the statute applies to nonviolent conduct as well.  *United States v. Mechanic*, 454 F.2d 849, 852 (8th Cir. 1971).  It is true that the civil disorder during which the officer carries out her duties must "involve[] acts of violence by assemblages of three or more persons," 18 U.S.C. § 232(1), but this does not mean that the Government must prove Defendants themselves engaged in acts of violence.  Because the information is not relevant to the charged crime, Defendants are not entitled to a bill of particulars detailing "what actions [they] engaged in that involved some violent force with police officers on January 6th."  ECF No. 27, at 3; ECF No. 28, at 3.

3

Defendants additionally request a bill of particulars detailing "facts" the Government "intends to show at trial in order to prove [they] impeded or obstructed law enforcement." ECF No. 27, at 2–3; ECF No. 28, at 2–3. The indictment's language specifies the date, location, and actions constituting alleged criminal activity. ECF No. 16, at 1–2. Even assuming that this language is insufficient to provide Defendants sufficient detail of the allegations against them, the Government's 22-page statement of facts detailing Defendants' alleged activity on January 6th, *see* ECF No. 1-1, provides "the requested information" in "some other form." *Butler*, 822 F.2d at 1193. The document asserts that Defendants "were part of the initial breach of police barricades at approximately 12:53 p.m. at Peace Circle" and includes pictures that the Government alleges show Defendants "push[ing] and climb[ing] over the police barriers." ECF No. 1-1 ¶ 14. Another photograph allegedly shows one Defendant "toppling the police barrier at Peace Circle" next to police officers. *Id.* ¶ 15. The affidavit also states that Defendants "were among the first to confront law enforcement on the staircase under scaffolding leading from the West Plaza to the Lower West Terrace." *Id.* ¶ 19. The Government contends that Defendants departed the Capitol at approximately 2:54 p.m. *Id.* ¶ 23.

Defendants do not explain how the information provided to them through the statement of facts, as well as discovery, is insufficient to "understand the charges" and "to prepare a defense" against them. *Butler*, 822 F.2d at 1193. Defendants do not, for instance, express confusion over whether the Government charges them for acts of speech. *See United States v. Brown*, No. 22-cr-170, 2024 WL 50977, at *6 (D.D.C. Jan. 4, 2024); *Warnagiris*, 2023 WL 6926491, at *15. Nor do Defendants seek to learn which officers were involved in their alleged conduct. *See United States v. Mostofsky*, No. 21-cr-138, 2021 WL 3168501, at *2 (D.D.C. July 27, 2021).

Defendants can readily discern from the statement of facts the actions to which Count 1 of the indictment pertains. The indictment itself need not contain every detail, for the purposes of a bill of particulars, because "the requested information is available in" the statement of facts. *Butler*, 822 F.2d at 1193. Defendants possess the "information necessary to permit [them] to conduct [their] *own* investigation." *Sanford Ltd.*, 841 F. Supp. 2d at 316. For these reasons, Defendants are not entitled to a bill of particulars regarding Count 1.

Regarding Counts 3 through 6, Defendants "seek[] the information that the United States intends to introduce against" them. ECF No. 27, at 3; ECF No. 28, at 3. A bill of particulars may not be used as "a devise for allowing the defense to preview the government's theories or evidence." *Sanford Ltd.*, 841 F. Supp. 2d at 316. A bill of particulars similarly may not be used as a discovery tool. *See Brown*, 2024 WL 50977, at *2; *Warnagiris*, 2023 WL 6926491, at *14; *United States v. Brock*, 628 F. Supp. 3d 85, 93 (D.D.C. 2022); *United States v. Ballenger*, No. 21-cr-719, 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022). Discovery in criminal proceedings is governed by Fed. R. Crim. P. 16, not Fed. R. Crim. P. 7(f). Here, "discovery would provide [Defendants] with sufficiently precise information" regarding the evidence the Government plans to introduce against them. *Ballenger*, 2022 WL 14807767, at *2. For these reasons, Defendants are not entitled to a bill of particulars regarding Counts 3 through 6.[1]

For the foregoing reasons, Defendants' motions for bills of particulars (ECF Nos. 27, 28) are **DENIED**.

**SO ORDERED.**

Dated: May 7, 2024                                                                                         RUDOLPH CONTRERAS
                                                                                                                              United States District Judge

---

[1] The Government brought Count 2 against Toney Sheldon Bray alone. ECF 16, at 2. He does not seek a bill of particulars regarding Count 2. ECF 28 ¶ 5.